**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SANDRA TENG** | § | |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| *Defendant* | § | **DEFENDANT DEMANDS A JURY** |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, WAL-MART STORES TEXAS, LLC, and files this Notice of Removal, pursuant to 28 U.S.C. §§1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

### I. STATEMENT OF GROUNDS FOR REMOVAL

1. On October 25, 2021, Plaintiff, Sandra Teng ("Plaintiff"), commenced an action in the 270th Judicial District Court of Harris County, Texas, captioned as Cause No. 2022-36484; *Sandra Teng v. Wal-Mart Stores Texas, LLC*; In the 281st Judicial District Court of Harris County, Texas, in which she seeks personal injury damages allegedly resulting from an incident that occurred on or about December 24, 2020 (the "Incident"), at the Walmart store located at 13750 East Freeway, Houston, Texas 77015. *See* Plaintiff's Original Petition (Exhibit A) at ¶8. Plaintiff asserts claims of negligence and premises liability. *Id.* at ¶¶10-21. Plaintiff's lawsuit expressly alleges that she is seeking damages of over $250,000.00 but no more than $100,000.00. *Id.* at ¶4.

2. The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and may be removed to this Court pursuant to the provisions of

28 U.S.C. §1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between properly joined parties.

## II. Procedural Requirements for Removal

3. Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court in Harris County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. §1446(a).

4. Removal is timely as the first date upon which Walmart, or its agents, received Plaintiff's Original Petition and Citation was on June 24, 2022, which is less than 30 days before this removal notice. 28 U.S.C. §1446(b); *see also* Exhibit A.

## III. Venue

5. This is a statutorily proper venue under the provisions of 28 U.S.C. §1441(a) because this district and division embrace the county where the removed action was pending.

## IV. Parties

6. According to her Original Petition, Sandra Teng was a citizen of Harris County, Texas at the time suit was commenced. *See* Exhibit A, at ¶2.

7. Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004).

8. Wal-Mart Stores Texas, LLC is a limited liability company formed under the laws of Delaware with its principal place of business in the State of Arkansas. The sole member of Wal-Mart Stores Texas, LLC is Wal-Mart Real Estate Business Trust.

9. Wal-Mart Real Estate Business Trust is a Delaware statutory trust with is principal place of business in the State of Arkansas. The sole unit holder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co.

10. Wal-Mart Property Co. is an incorporated entity under the laws of the State of Delaware with its principal place of business in the State of Arkansas. Wal-Mart Property Co. is a wholly owned subsidiary of Wal-Mart Stores East, LP.

11. Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner.

12. WSE Management, LLC is a Delaware limited liability company and has its principal place of business in the State of Arkansas. WSE Investment, LLC is a Delaware limited liability company and has its principal place of business in the State or Arkansas.

13. The sole member of WSE Management, LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC.

14. Wal-Mart Stores East, LLC is a limited liability company formed under the laws of the State of Arkansas and has its principal place of business in the State of Arkansas. The sole member of Wal-Mart Stores East, LLC is Walmart Inc.

15. Walmart Inc. is an incorporated entity under the laws of the State of Delaware and has its principal place of business in the State of Arkansas.

16. The citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the time of removal.

## V. PLAINTIFF'S ALLEGATIONS

17. Plaintiff claims that on December 24, 2020, she slipped on a liquid substance and fell at the store. *See* Exhibit A, at ¶9. Plaintiff now brings a premises liability and negligence cause of action against Defendant. *Id*. at ¶¶10-21.

## VI. JURISDICTIONAL BASIS FOR REMOVAL

18. Pursuant to 28 U.S.C. §1332(a)(1), federal district courts have original jurisdiction of civil actions in which the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. The removing defendant has the burden to show that proper federal diversity jurisdiction exists to sustain removal. *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

19. The relevant jurisdictional facts are to be judged as of the time of removal. *Allen*, 63 F.3d at 1335. Subsequent events, such as filing an amended complaint specifically reducing the amount of damages sought, cannot deprive the court of jurisdiction once it has attached. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

**A.   Amount in Controversy Exceeds $75,000.00.**

20. A defendant can carry its burden by showing that it is either facially apparent from a plaintiff's petition that the plaintiff's claims are likely to exceed $75,000.00, or by presenting summary judgment-type evidence that the amount in controversy is likely to exceed the jurisdictional minimum. *Gebbia*, 233 F.3d at 881; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Such "tests are applied in order, and only if the "facially

apparent" test is not met, do we require "summary judgment" type evidence of the amount in controversy." *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, *2-3 (5th Cir. 2002).

21. Here, it is facially apparent that the amount in controversy in the instant case exceeds $75,000. *See Gebbia*, 233 F.3d at 881. Plaintiff has alleged that she is seeking relief in excess of $250,000.00 but less than $1,000,000. *See* Exhibit A, at ¶4. By pleading damages in excess of $250,000.00, Plaintiff acknowledges that she is seeking at least a sum of damages in a six-figure range, clearly exceeding the $75,000.00 threshold.

22. Defendant has produced ample evidence for the Court to find removal appropriate. Defendant has met its burden to prove by a preponderance of the evidence that Plaintiff's claims are likely to exceed $75,000.00. Consequently, the Court can find that the amount in controversy requirement has been satisfied to have this case properly removed to this Court.

**B. Diversity of Citizenship**

23. As set forth, *supra*, Plaintiff is a citizen of the State of Texas and Defendant Walmart is composed of companies organized under the laws of Delaware and Arkansas, with its principal place of business in the State of Arkansas. None of Walmart's partners or members are citizens of the State of Texas.

### VII. CONCLUSION

24. Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Therefore, the Court should find that removal is proper in this case.

## VIII. PRAYER

WHEREFORE, Defendant, Wal-Mart Stores Texas, LLC prays that this Court find that the above-styled action now pending in the 281st Judicial District Court of Harris County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

 /s/ William W. Fitzgerald
John A. Ramirez
State Bar No. 00798450
Federal Bar No. 21280
Email: jramirez.atty@bushramirez.com
William W. Fitzgerald
Texas Bar No. 24038898
Federal Bar No. 570992
Email: wfitzgerald.atty@bushramirez.com
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Phone: (713) 626-1555
Fax:    (713) 622-8077
**COUNSEL FOR DEFENDANT**
**WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to the following interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 22nd day of July 2022.

Jessica Fritz                                                                 *Via Email: eserve@puschnguyen.com*
PUSCH & NGUYEN LAW FIRM PLLC
6330 Gulf Freeway
Houston, Texas 77023
**COUNSEL FOR PLAINTIFF**
**SANDRA TENG**

 /s/ William W. Fitzgerald
William W. Fitzgerald