

**CT Corporation**
Service of Process Notification
06/24/2022
CT Log Number 541807653

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL<br>Walmart Inc.<br>GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200<br>BENTONVILLE, AR 72712-3148 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | **Wal-Mart Stores Texas, LLC**  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TENG SANDRA // To: Wal-Mart Stores Texas, LLC |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition, Certificate |
| **COURT/AGENCY:** | 281st Judicial District Court of Harris County, TX<br>Case # 202236484 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 12/24/2020, at 13750 East Fwy, Houston, Texas 77015 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/24/2022 at 13:04 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S)/SENDER(S):** | Jessica Fritz<br>Pusch & Nguyen Law Firm PLLC<br>6330 Gulf Freeway<br>Houston, TX 77023<br>713-524-8139 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/24/2022, Expected Purge Date: 06/29/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

EXHIBIT A



**CT Corporation**
**Service of Process Notification**
06/24/2022
CT Log Number 541807653

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Jun 24, 2022
**Server Name:** Mauricio Segovia

| Entity Served | WAL-MART STORES TEXAS, LLC |
|---|---|
| Case Number | 202236484 |
| Jurisdiction | TX |

| Inserts | |
|---|---|
| | |



CAUSE NO. 202236484

EML
COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 924974  TRACKING NO: 74018494

| Plaintiff: | In The 281st |
| --- | --- |
| TENG, SANDRA | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| WAL-MART STORES TEXAS LLC | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

To:   WAL-MART STORES TEXAS LLC (FOREIGN CORPORATION) BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
**1999 BRYAN STREET SUITE 900, DALLAS TX 75201**

   Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on June 17, 2022 in the above cited cause number and court. The instrument attached describes the claim against you.

   **YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

   This citation was issued on June 21, 2022, under my hand and seal of said court.



Marilyn Burgess, District Clerk

Issued at the request of:

FRITZ, JESSICA
6330 GULF FWY
HOUTON, TX  77023
713-524-8139
Bar Number: 24064945

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:COURTNI GILBERT

Tracking Number: 74018494

CAUSE NUMBER: 202236484

EML

| | |
|---|---|
| PLAINTIFF: TENG, SANDRA | In the 281st |
| vs. | Judicial District Court of |
| DEFENDANT: WAL-MART STORES TEXAS LLC | Harris County, Texas |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____     By_____
                Affiant                                                              Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

Case 4:22-cv-02440   Document 1-2   Filed on 07/22/22 in TXSD   Page 6 of 12

6/17/2022 1:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65551301
By: Courtni Gilbert
Filed: 6/17/2022 1:00 PM

CAUSE NO. _____

| | | |
|---|---|---|
| SANDRA TENG,<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| WAL-MART STORES TEXAS, LLC,<br>*Defendant.* | §<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Sandra Teng, ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of Walmart, Inc. ("Wal-Mart" or "Defendant") for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Discovery Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiff is an individual residing in Harris County, Texas, and is a citizen of the State of Texas.

3. Defendant is a foreign corporation organized under the laws of the State of Delaware and doing business in the State of Texas. Defendant may be served by and through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

### JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over

$250,000 but not more than $1,000,000. Plaintiff reserves the right to amend these pleadings during and/or after the discovery process.

5. The Court has personal jurisdiction over Defendant because it does business in Texas and has sufficient contacts with the State of Texas, both generally and with regard to this specific action, so that exercise of personal jurisdiction over them is proper and does not offend traditional notions of fair play and substantial justice.

6. Plaintiff is asserting no federal claims, and every claim arising under the Constitution, treaties, and laws of the United States is expressly disclaimed (including any claim arising from an act or omission of a federal enclave, or any officer of the United States or agency or person acting under him occurring under color of such office). Plaintiff is asserting no claim of admiralty or maritime law. Although the claims herein have a value in excess of $40,000, removal would be improper because this suit involves claims between citizens and residents of Texas, and hence there is a lack of complete diversity of citizenship.

## VENUE

7. Venue is proper in Harris County, Texas pursuant to Sections 15.002(a)(1) of the Texas Civil Practice and Remedies Code because Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

8. On or about December 24, 2020, during normal business hours, Plaintiff entered upon Defendant's premises located at 13750 East Fwy, Houston, Texas 77015. Plaintiff's purpose on the premises was to purchase goods sold by Defendant.

9. Plaintiff was walking towards the front within Defendant's premises. Suddenly and without warning, Plaintiff slipped on a liquid substance that was on the floor. As a result, Plaintiff

2

sustained numerous injuries and has suffered damages. The incident and resulting injuries to Plaintiff were due to no fault of her own.

## CAUSES OF ACTION:

### COUNT 1 — PREMISES LIABILITY

10. Defendant was the owner and/or in possession of the premises at 13750 East Fwy, Houston, Texas 77015.

11. Plaintiff entered Defendant's premises in response to Defendant's express or implied invitation and for their mutual benefit. Moreover, Defendant extended an open invitation to the public, including Plaintiff, to enter the premises. Accordingly, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care.

12. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to (1) inspect, (2) warn, or/and (3) cure.

13. Defendant breached the duty of ordinary care by failing to maintain a safe premises by incorrectly placing wet caution signs while invitees, such as Plaintiff, were within the premises.

14. While upon Defendant's premises, Plaintiff slipped on a liquid substance on the floor and she suffered serious bodily injuries as a direct result of the incident. The fact Defendant failed to place wet caution sign over and/or next to the liquid substance proximately caused Plaintiff's injury.

15. Plaintiff has sustained substantial physical pain and mental anguish in the past and in all probability will have such physical pain and mental anguish in the future. Further, Plaintiff has incurred expenses in connection with necessary medical treatment for injuries out of the incident made the basis of this cause of action, with such expenses being reasonable in

amount at the time and place they were rendered. Further, in all probability, Plaintiff will incur substantial medical expenses in the future for reasonable and necessary care and treatment of her injuries.

## COUNT 2 — NEGLIGENT ACTIVITY

16. In the alternative, Plaintiff's injury was the result of Defendant's ongoing negligent activity on the premises at the time of the injury, not a condition of the premises.

17. Defendant was the owner and/or in possession of the premises at 13750 East Fwy, Houston, Texas 77015. Defendant extended an open invitation to the public, including Plaintiff, to enter the premises.

18. Plaintiff entered Defendant's premises as an invitee with Defendant's knowledge and for their mutual benefit. Plaintiff was a customer and invitee at Defendant's store when the incident occurred.

19. On the occasion in question, Defendant, their agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff by committing certain acts and omissions, each of which constituted negligence and each of which was a proximate cause of Plaintiff's injuries. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendant breached the duty of ordinary care by failing to maintain a safe, clean, and neat premise free of hazard.

20. Defendant's breach of duty proximately caused Plaintiff bodily harm.

21. Plaintiff has sustained substantial physical pain and mental anguish in the past and in all probability will have such physical pain and mental anguish in the future. Further, Plaintiff

has incurred expenses in connection with necessary medical treatment for injuries out of the incident made the basis of this cause of action, with such expenses being reasonable in amount at the time and place they were rendered. Further, in all probability, Plaintiff will incur substantial medical expenses in the future for reasonable and necessary care and treatment of her injuries.

## PLAINTIFF'S DAMAGES

22. Upon trial of this case, Plaintiff will show that Defendant's negligence proximately caused injury to Plaintiff, which resulted in damages including, but not limited to:

    a.   Physical pain in the past and future;

    b.   Mental anguish in the past and future;

    c.   Medical expenses in the past and future;

    d.   Physical impairment in the past and future; and

    e.   Property damage.

23. Plaintiff will respectfully request the Court and jury to determine the amount of loss that Plaintiff have incurred and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. Moreover, there are certain elements of damage provided by law that Plaintiff is entitled to have the jury in this case consider separately to determine the sum of money that will fairly and reasonably compensate Plaintiff for the injuries, damages, and losses incurred and to be incurred.

## REQUIRED DISCLOSURES

24. Under Texas Rules of Civil Procedure 194, Plaintiff hereby gives formal notice that Defendant must disclose, within thirty (30) days after the filing of the first answer or general appearance, the information and/or material described in rule 194.2(b).

## DESIGNATED E-SERVICE EMAIL ADDRESS

25. The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, both filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: **eserve@puschnguyen.com.** This is the undersigned's only e-service email address and service through any other email address will be considered invalid.

## JURY DEMAND

26. Plaintiff requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff tenders the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited in terms of law to appear and answer herein, and that upon final trial hereof, Plaintiff have judgement against Defendant for damages described herein. In addition, Plaintiff requests the award of all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Jessica Fritz*
Jessica Fritz
State Bar No. 24064945
**PUSCH & NGUYEN LAW FIRM PLLC**
6330 Gulf Freeway
Houston, TX  77023
Phone: 713-524-8139
Fax: 713-524-7034
E-service: eserve@puschnguyen.com
Correspondence: jessica@puschnguyen.com

**ATTORNEY FOR PLAINTIFF**

6

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Anthony Pusch on behalf of Jessica Fritz
Bar No. 24064945
eserve@puschnguyen.com
Envelope ID: 65551301
Status as of 6/17/2022 1:03 PM CST

Associated Case Party: SANDRA TENG

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| JESSICA FRITZ | | ESERVE@PUSCHNGUYEN.COM | 6/17/2022 1:00:32 PM | SENT |
| VICTORIA MORALES | | VICTORIA@PUSCHNGUYEN.COM | 6/17/2022 1:00:32 PM | SENT |